MID-AMERICA FOUNDATION ) 
SUPPLY, INC., *d/b/a Poseidon Barge*, )
)
     **Plaintiff,** )
)
     v. )     **CAUSE NO. 1:12-CV-328**
)
KONGA MARINE LOGISTICS, LLC, )
AL MALINS INSURANCE, INC., and )
CHUCK HAHN, )
)
     **Defendants.** )

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendants Al

Malins Insurance, Inc. and Chuck Hahn based on diversity jurisdiction pursuant to 28 U.S.C. §

1332(a). (Docket # 2.) The Notice of Removal alleges that "Plaintiff Mid-America Foundation

Supply, Inc. is an Indiana professional corporation with a primary place of business" in Fort

Wayne, Indiana; that Defendant Al Malims Insurance is a "Florida corporation with its primary

place of business in Sarasota, Florida"; and that Defendant Konga Marine Logistics, LLC, "is a

Florida corporation with its primary place of business in Florida." (Notice of Removal ¶¶ 4, 6-

7.) The Notice of Removal makes no allegations as to the citizenship of Defendant Chuck Hahn.

Defendants' Notice of Removal, however, is inadequate for several reasons. First, as to

Plaintiff Mid-America Foundation Supply and Defendant Al Malins Insurance, corporations "are

deemed to be citizens of the state in which they are incorporated *and* of the state in which they

have their *principal* place of business." *N. Trust Co. v. Bunge Corp*., 899 F.2d 591, 594 (7th Cir.

1990) (emphases added); *see* 28 U.S.C. § 1332(c)(1). The term "principal place of business"

refs to the corporation's "nerve center"—the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Thus, the Court must be apprised of both facts—the state of incorporation and the state in which the *principal*, rather than primary, place of business is located—with respect to Plaintiff Mid-America Foundation Supply and Defendant Al Malins Insurance.

Second, as to Defendant Konga Marine Logistics, LLC, Defendants allege that Konga Marine Logistics is a Florida *corporation* (Notice of Removal ¶ 7) despite the fact that the Complaint and other parts of the Notice of Removal refer to Konga Marine Logistics as a limited liability company (*see* Compl. ¶ 3; Notice of Removal ¶¶ 1, 12). If Konga Marine Logistics is a limited liability company rather than a corporation, then the Notice of Removal is insufficient as a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Konga Marine Logistics is actually a limited liability company, then the Court must be advised of the citizenship of all the members of Konga Marine Logistics, LLC, to ensure that none of its members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Konga Marine Logistics, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). On the other hand, if Konga Marine Logistics is indeed a corporation, then the Defendants' citizenship allegations as to Konga Marine Logistics suffer from the same infirmity as noted above; the Court must then be advised of Konga Marine Logistics's *principal*, rather than

2

primary, place of business.

Finally, the Notice of Removal fails to make any citizenship allegations as to Defendant Chuck Hahn. The Complaint alleges that Hahn is "an individual agent of Malins, residing in Sarasota, Florida." (Compl. ¶ 6.) But, "[f]or natural persons, state citizenship is determined by one's domicile," rather than residence. *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). As such, the Court must be advised of the citizenship of Chuck Hahn, which is based on his domicile and not his residence.

Therefore, Defendants are ORDERED to supplement the record by filing an Amended Notice of Removal on or before October 9, 2012, properly alleging the principal places of business of both Mid-America Foundation Supply and Al Malins Insurance and the citizenship of Chuck Hahn and clarifying whether Konga Marine Logistics is a LLC or a corporation—and making the appropriate citizenship allegations pursuant to that clarification.

SO ORDERED.

Enter for this 24th day of September, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge