UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MID-AMERICA FOUNDATION SUPPLY, INC. (D/B/A POSEIDON BARGE), Plaintiff, | ) ) ) ) |
| vs. | ) ) Cause: 1:12-CV-328 |
| KONGA MARINE LOGISTICS, LLC; AL MALINS INSURANCE, INC.; AND CHUCK HAHN, Defendants, | ) ) ) ) ) ) |
| KONGA MARINE LOGISTICS, LLC, Third-Party Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| ABYSS MARITIME, INC.; CERTAIN UNDERWRITERS AT LLOYD'S LONDON namely PEMBROKE UNDERWRITING, SYNDICATE 4000 – 100%; and ATLANTIC SPECIALITY INSURANCE COMPANY Third-Party Defendants. | ) ) ) ) ) ) ) |

## OPINION AND ORDER

### I. INTRODUCTION

Before the Court in this breach of contract and negligence case is the Defendants Al Malins Insurance, Inc. and Chuck Hahn's Motion to Amend Answer to Include Additional Notice of Non-Party Fault, filed September 19, 2013. (Docket # 77.) The Defendants seek to add non-party, Matthew J. Valcourt, an attorney for Cross-Claimant Konga Marine Logistics, LLC ("Konga"). Konga filed a brief in opposition to the Defendants' motion on October 2, 2013 (Docket # 81), and the Defendants filed a reply brief on October 7, 2013. (Docket # 83.)

1

Although not addressed by either party, because the Defendants filed the instant motion ten weeks after the July 1, 2013 deadline to amend the pleadings, and have failed to show good cause for amendment under Federal Rule of Civil Procedure 16(b), the motion will be DENIED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Konga allegedly hired the Defendants, an insurance brokerage and its employee, to procure proper insurance policies for several barges they had leased to perform dredging services. The Defendants allegedly procured insurance policies for Konga from (1) Certain Underwriters at Lloyd's London, namely Pembroke Underwriting, Syndicate 4000 -100% ("Lloyds"); and (2) Atlantic Specialty Insurance Company ("Atlantic"). Information about these insurance policies was discussed through email correspondences between Konga, Valcourt, and the Defendants.

Later, the owner of the barges discovered that several barges they had leased to Konga were damaged and asserted a claim against the insurance policies. Lloyd and Atlantic each denied the claims, stating that proper insurance coverage had not been obtained.

Consequently, the owner of the barges filed suit against the Defendants and Konga on August 23, 2012. (Docket # 1.) In turn, Konga filed a cross-claim against the Defendants alleging negligence, breach of contract, and breach of fiduciary duty, on February 5, 2013. (Docket # 22.) On March 8, 2013, the Defendants filed their Answer to Konga's cross-claim. (Docket # 25.)

On May 8, 2013, the parties held a Rule 26(f) Preliminary Pretrial Conference, after which the Court adopted the Amended Report of the Parties' Planning Meeting and set July 1, 2013 as "[t]he last date for Defendants Malins and Hahn to seek leave of court to join additional

parties and to amend the pleadings." (Docket # 53, 57.)

Nevertheless, more than ten weeks after the July 1, 2013 deadline, on September 19, 2013, the Defendants filed the instant motion. In their motion the Defendants seek to add Valcourt as a non-party pursuant to Indiana's Comparative Fault Act. The Defendants argue they should be allowed to amend their Answer because the discovery deadline is not until February 28, 2014, and that Konga is not prejudiced by the addition because they had the information about Valcourt within its control at the time the cross-claim was filed.

In response, Konga argues that Florida's–not Indiana's–Comparative Fault Act should be applied, and the Defendants have not satisfied this Act's pleading requirements for asserting non-party liability. In reply, the Defendants argue that their motion satisfies both state's Comparative Fault Act pleading requirements and that they should be allowed to amend their pleadings in accordance with Rule 15.

Both Konga and the Defendants, however, overlook the fact that Defendants' motion was filed more than ten weeks after the deadline for amending the pleadings without any effort to show good cause. Put another way, the Defendants need to first show compliance with Rule 16 before proceeding to the applicability of Rule 15.

### III. LEGAL STANDARD

Under Rule 15, a party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility.

*Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because once the district court has filed a pretrial scheduling order pursuant to Rule 16 establishing a time table for amending pleadings, that rule's standards control. *Menendez v. Wal-Mart Stores East L.P.*, No. 1:10-CV-53, 2012 WL 2159250, at *2 (N.D. Ind. June 13, 2012) (citing *Alioto v. Town* of Lisbon, 651 F.3d 715, 719 (7th Cir. 2011); *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 3:07-CV- 637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010)); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."

Thus, a party seeking to amend a pleading after the final date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571. A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under Rule 15. *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The good cause standard focuses on the diligence of the party seeking the amendment. *Id.* In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*

## IV. ANALYSIS

Here, the deadline for the Defendants to amend their pleadings was July 1, 2013, and the Defendants filed their motion on September 19, 2013. Because the Defendants motion was filed after the deadline, they must first establish "good cause" for the untimely amendment. As

4

indicated above, however, because the Defendants overlooked their noncompliance with Rule 16 and proceeded to argue the applicability of Indiana's Comparative Fault Act and Rule 15, they have not proffered any reasons establishing "good cause" for their untimely amendment. Therefore, because the Defendants have failed to demonstrate good cause, the motion will be DENIED.

Even had the Defendants asserted a good cause argument, they would have difficulty showing that despite their diligence, Valcourt could not have reasonably been added as a non-party prior to the July 1, 2013 deadline. The Defendants' reply brief indicates that the information about Valcourt–a series of correspondences, dated July 14, 2011, between Hahn, Konga, and Valcourt indicating that Valcourt was Konga's attorney[1]–was produced *by* the Defendants *to* Konga in June 2013. Because the Defendants were aware that Valcourt was Konga's attorney in 2011 and because the Defendants were the party that produced these documents, it is evident that they had the information they now seek as the basis to amend their answer within their control at the time their initial answer was filed.

As such, the Court is unconvinced that the Defendants could not have, with the exercise of reasonable diligence, anticipated the need to add Valcourt as a non-party prior to their July 1, 2013 deadline to amend pleadings. *Tschantz*, 160 F.R.D. at 572 (denying plaintiff's motion to amend pleadings because they failed to show good cause where plaintiff was aware they were suing the wrong defendant prior to the deadline to amend passing); *see Menendez*, 2012 WL 2159250, at *3 (denying defendant's motion to amend answer to add nonparty because the

---

[1] Specifically, the Defendants Reply Brief Exhibit A states "Please forward Matt [Valcourt] our complete insurance documents and coverages. Matthew [Valcourt] is our attorney, we have some issues Matthew [Valcourt] is handling for us."

5

amendment was filed almost a year after the deadline for amendments and defendants failed to demonstrate good cause).

## V.  CONCLUSION

For the foregoing reasons, the Defendants' Motion to Amend Answer to Include Additional Notice of Non-Party Fault is DENIED.

SO ORDERED.

Enter for the 16th day of October, 2013.

/S/ Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge