UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MID-AMERICA FOUNDATION SUPPLY ) <br> INC. d/b/a/ POSEIDON BARGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KONGA MARINE LOGISTICS, LLC, ) <br> et al. ) <br> ) <br> Defendants. ) <br> ) <br> v. ) <br> ) <br> ABYSS MARITIME, INC., et al. ) <br> ) <br> Third-Party Defendants. ) | CAUSE NO.: 1:12-CV-328-TLS |

**OPINION AND ORDER**

The Plaintiff, Mid-America Foundation Supply, Inc., filed suit against Konga Marine Logistics, LLC (Konga) and others. Konga then filed an Amended Answer and Third Party Complaint [ECF No. 22] against a number of Third Party Defendants including against Abyss Maritime, Inc (Abyss). Konga also filed cross claims against other defendants. On March 24, 2014, Abyss filed a Motion for Summary Judgment [ECF No. 98] as to Konga's Third Party Complaint. On May 12, 2014, Konga filed a Motion to Strike [ECF No. 119] a Survey designated by Abyss as part of its Motion for Summary Judgment. Prior to the Court ruling on these pending motions, however, Konga and Abyss filed a Notice of Settlement [ECF No. 131] on July 11, 2014, and a Notice of Voluntary Dismissal [ECF No. 132] on August 8, 2014. The parties stipulate to the dismissal of Konga's Third Party claims against Abyss.

Stipulated dismissals under Rule 41(a)(1)(A)(ii) do not require judicial approval. *See*

Fed. R. Civ. P. 41(a)(1)(A)(ii) (stating that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared"); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (noting that a voluntary dismissal under Rule 41(a)(1) is effective upon the filing of the stipulation); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) ("Rule 41(a)(1)(A)(ii) requires that the stipulation be filed in court, and the date of filing is the date the dismissal takes effect."). Here, there is some ambiguity whether the parties' stipulation for the dismissal of claims against a particular party conforms with Rule 41(a)(1)(A)(ii) and automatically effectuates a dismissal; Rule 41(a) speaks in terms of dismissing an "action" but does not mention the dismissal of individual claims. *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1) speaks in terms of dismissing an action, not a claim). In *Gatling v. Nickel*, 275 F.R.D. 495 (E.D. Wis. 2011), the district court invoked Rule 41(a)(2) to dismiss individual claims—but not the entire action—pursuant to a stipulation of the parties. The *Gatling* court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n. 7 (9th Cir. 2005), it does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

2

*Gatling*, F.R.D. at 496.

In consideration of the procedural context of this case and the parties' submissions, the Court finds that it has the power, as the court did in *Gatling*, to enter an order pursuant to Rule 41(a)(2) to dismiss certain claims. In this instance the parties wish to dismiss all of Konga's claims against Abyss. The Court further finds that dismissal of these claims is appropriate because the parties have agreed to the dismissal, and the dismissal will be with prejudice. The context in which dismissal is sought is not adversarial and there is no prejudice to the Defendant in allowing the dismissal.

## CONCLUSION

Having construed the parties' Stipulation as a request for a Court order, the Court GRANTS the request [ECF No. 132] and DISMISSES the claims in Konga's Third Party Complaint against Abyss WITH PREJUDICE. Konga's Third Party Complaint against two other defendants remains pending. This Order only dismisses the claims against Abyss. Abyss's Motion for Summary Judgment against Konga [ECF No. 98] is therefore DENIED AS MOOT. Konga's Motion to Strike [ECF No. 119] is also DENIED AS MOOT.

SO ORDERED on September 17, 2014.

                                                                s/ Theresa L. Springmann
                                                                THERESA L. SPRINGMANN
                                                                UNITED STATES DISTRICT COURT